**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 25-21019-CIV-DAMIAN**

**DAVID WHITMORE JOHNSON**,

    Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS,**
*Ricky Dixon, Secretary*,

    Respondent.

_____/

**ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS***

**THIS CAUSE** came before the Court upon the *pro se* Petition for Writ of *Habeas Corpus* ("Petition"), filed pursuant to 28 U.S.C. § 2254 by David Whitmore Johnson ("Johnson" or "Petitioner"). [ECF No. 1]. In the Petition, Johnson attacks the constitutionality of his convictions and sentences entered in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in *State of Florida v. Johnson*, No. F11-001796A (Fla. 11th Cir. Ct. 2011). The State of Florida ("State") filed a Response ("Response") [ECF No. 10] to the Petition and the Court's Order to Show Cause [ECF No. 5], along with a supporting appendix [ECF No. 11] and state court transcripts [ECF Nos. 12]. Johnson filed a reply to the State's Response [ECF No. 14]. The Petition is now ripe for review.

THE COURT has considered the Petition and the above-referenced filings, the pertinent portions of the record, and relevant legal authority and is otherwise fully advised. For the reasons that follow, the Petition is denied.

## A. BACKGROUND

### A. *The Charges*

On August 3, 2011, the State charged Johnson with one count of first degree murder (Count One), one count of attempted first degree murder (Count Two), four counts of attempted second degree murder (Counts Three through Six), and one count of shooting or throwing a deadly missile (Count Seven). [ECF No. 11-1 at 80–87]. The charges relate to an incident on January 16, 2011, involving Johnson's ex-girlfriend, Shaneeka Williams. *Id.*

### B. *Trial and Sentencing*

On December 9, 2019, Johnson proceeded to trial. [ECF No. 12, Trial Transcripts, hereinafter, "T. at ___"]. The State presented testimony from Shaneeka Williams, Tamika Pearson, Ferrari Dorsett, LaMarcus Yee, Trudy Carter, Suave Dorsett, several law enforcement officers, and other Miami-Dade County personnel. *See id.* On December 17, 2017, the jury found Johnson guilty on all counts. [ECF No. 11-1 at 80–87]. On December 23, 2019, Johnson filed a motion for a new trial, alleging that the trial court erred when it excluded photos of witnesses holding firearms. *Id.* at 97–105. The trial court denied the motion. *Id.* at 107.

The trial court sentenced Johnson to life in prison with a twenty-year minimum mandatory for Count One, life in prison with a twenty-five-year minimum mandatory for Count Two, thirty years in prison with twenty-year minimum mandatories for Counts Three through Six, and fifteen years in prison for Count Seven. *Id.* at 109–18. The sentences were to run concurrently with one another. *Id.*

### C. *Direct Appeal and Collateral Proceedings*

Johnson filed a direct appeal in Florida's Third District Court of Appeal ("Third DCA"). *Id.* at 123–49. On appeal, Johnson alleged one trial court error: (1) allowing the state to introduce evidence that a gun which had no connection to the charged offenses was temporarily in the home in which Johnson occasionally resided. *Id.* at 141. On July 21, 2021, the Third DCA *per curiam* affirmed in *Johnson v. State*, 321 So. 3d 388 (Fla. 3d DCA 2021).

Johnson returned to the state trial court on October 13, 2022, by filing a Motion for Postconviction relief under Florida Rule of Criminal Procedure 3.850. *Id.* at 202–32. In that Motion, Johnson raised five grounds for relief:

(1) trial counsel was ineffective for failing to move for mistrial when a defense witness became hostile and testified to collateral crimes allegedly committed by Petitioner;

(2) trial counsel was ineffective for failing to have defense witness Williams identify the automatic weapon that appeared on a social media site of victim;

(3) trial counsel was ineffective for failing to object to the conflicting felony murder instruction, which removed the necessity of intent to kill from the underlying attempted first degree offense;

(4) juror misconduct when Juror Sweeny Williams had a conversation and ongoing altercation with the Petitioner's cousin during trial;

(5) trial counsel was cumulatively ineffective.

*Id.*

On April 19, 2023, the trial court denied the motion on the merits. [ECF No. 11-1 at 254–60]. On May 24, 2023, the court denied rehearing. *Id.* at 270. On June 21, 2023, Johnson appealed to the Third DCA. [ECF No. 11-2. at 2–38]. Johnson alleged that the trial court

erred when it denied grounds one through four of his motion. *Id.* On January 15, 2025, the Third DCA dismissed *per curiam*, without a written opinion. *Id.* at 75.

### D. The Instant Petition

On March 4, 2025, Johnson initiated the instant proceedings under Section 2254. *See* Petition. Construing the Petition liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Johnson presents the following claims for relief:

> **Claim One**: Violation of 6th Amendment right to a fair trial when a juror had conversations during trial with Petitioner's cousin, with whom the juror had a previous altercation. Petition at 3.
>
> **Claim Two**: Ineffective assistance of counsel for failing to object to the conflicting felony murder instruction. *Id.* at 4.
>
> **Claim Three**: Ineffective assistance of counsel for failing to file a motion for a mistrial when a defense witness became hostile and made improper remarks. *Id.*
>
> **Claim Four**: Ineffective assistance of counsel for failing to have defense witness identify automatic weapon that belonged to victim and Petitioner allegedly temporarily stored. *Id.*

The State agrees that the Petition is timely and that the Petitioner exhausted these claims. Response at 12–13.

## B. LEGAL STANDARDS

### A. Deference Under Section 2254

This Court's review of a state prisoner's federal petition for *habeas corpus* is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. *See Ledford v. Warden, GDCP*, 818 F.3d 600, 642 (11th Cir. 2016), *abrogation recognized on other grounds by Smith v. Comm'r, Ala. Dep't of Corr.*, 67 F.4th 1335, 1348 (11th Cir. 2023). "The purpose of [the] AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and

4

not as a means of error correction." *Id.* (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)). Federal *habeas corpus* review of final state court decisions is "'greatly circumscribed' and 'highly deferential,'" *id.* (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)), and is generally limited to the record that was before the state court that adjudicated the claim on the merits. *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)).

The federal *habeas* court is first tasked with identifying the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale, because even the summary rejection of a claim, without explanation, qualifies as an adjudication on the merits which warrants deference. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008); *see also Johnson v. Sellers*, 584 U.S. 122, 125 (2018); *Sexton v. Beaudreaux*, 585 U.S. 861, 964–65 (2018).

Where the claim was "adjudicated on the merits" in the state forum, Section 2254(d) prohibits relitigating the claim unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"[1] or, (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 97–98; *see also Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). When relying on section 2254(d)(2), a federal court can grant relief if the state court rendered an erroneous factual determination. *Tharpe v. Warden*, 834 F.3d 1323, 1337 (11th Cir. 2016).

---

[1] "Clearly established Federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the Supreme Court at the time the state court issues its decision. *White v. Woodall*, 572 U.S. 415, 419 (2014) (citing *Williams*, 529 U.S. at 412).

5

Because the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 19 (2013), "federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe*, 834 F.3d at 1338 (11th Cir. 2016) (quoting *Harrington*, 562 U.S. at 102). This standard is intentionally difficult to meet. *Harrington*, 562 U.S. at 102.

### B. Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). When assessing counsel's performance under *Strickland*, the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's performance was deficient, and (2) the petitioner suffered prejudice as a result of that deficiency. *Id.* at 687.

To establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence and "fell below an objective standard of reasonableness." *Id.* at 687–88; *see also Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009). The court's review of counsel's performance should not focus on what is possible, prudent, or appropriate but should focus on "what is constitutionally compelled." *Burger v. Kemp*, 483 U.S. 776, 794 (1987).

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697. Further, counsel is not ineffective for failing to raise non-meritorious issues. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Nor is counsel required to present every non-frivolous argument. *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Furthermore, a Section 2254 Petitioner must provide factual support for his or her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1332–34 (11th Cir. 2012).

## IV.   DISCUSSION

With the foregoing in mind, this Court addresses each of the grounds asserted in the Petition in turn.

### A. Claim One

In Claim One, Johnson alleges he was deprived of due process and an impartial jury because a juror was biased. [ECF 1-1 at 2]. Johnson alleges that Juror Williams and Johnson's cousin "had a verbal confrontation during Petitioner's trial and that the juror has had prior issues with Petitioner's cousin." *Id*. Johnson supports his claim with an alleged statement from a private investigator [ECF No. 1-2 at 4] and an alleged sworn statement from Johnson's cousin (*Id.* at 6).

The Sixth and Fourteenth Amendments guarantee all criminal defendants an impartial jury. See *Morgan v. Illinois*, 504 U.S. 719, 726 (1992). "In determining whether a juror is impartial, '[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" *Brown v. Dep't of Corr.*, 348 Fed. Appx. 526, 527 (11th Cir. 2009). "The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as matter of law." *United States v. Wood*, 299 U.S. 123, 133–34 (1936). Under the actual bias standard, Petitioner must show the juror in question was not impartial, *i.e.*, that the juror was biased against the defendant, and the evidence of bias must be plain on the face of the record. *See, e.g., Smith v. Phillips*, 455 U.S. 209, 216 (1982) (rejecting claim of implied bias and stating, "Preservation of the opportunity to prove actual bias is a guarantee of a defendant's right to an impartial jury.").

The trial court rejected Johnson's claim based on juror bias on the merits. [ECF No. 11-1 at 254–55]. In its order, the trial court stated that this issue was never raised before or during trial. *Id.* It did not appear that Juror Williams knew of any connection between Johnson and Johnson's cousin during *voir dire* and it is unclear when the alleged confrontation between Johnson's cousin and the juror occurred. *Id.* The court further noted that Johnson's evidence, a statement from an alleged investigator, does not verify the identity of the person the investigator spoke with on the phone, nor did Johnson obtain or provide a sworn statement from the juror. *Id*. The trial court concluded the evidence provided by Johnson was insufficient to justify an evidentiary hearing or to support the claim. *Id.*

Further, the trial court asked the jurors if they were familiar with anyone involved in the case or present in the courtroom and Juror Williams did not respond. T. at 37–38. Johnson

does not allege, and has not shown, that Juror Williams lied or hid information. Johnson simply has not shown that Juror Williams was biased.

Having reviewed the record and the state court's decision on this issue, this Court finds that the state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles, much less an indication of an "extreme malfunction in the state criminal justice system." Therefore, this Court finds Claim One of the Petition to be without merit.

### B. *Claim Two*

In Claim Two, Johnson alleges ineffective assistance of counsel for failing to object to the jury instructions for Count One (first degree murder) and Count Two (attempted first degree murder). [ECF 1-1 at 4]. Johnson claims that the instructiosn removed the necessity of intent to kill from the underlying attempted first degree offense in Count Two. *Id.* This Court notes that the jury instructions were standard jury instructions. *Compare id.*, *with* Florida Criminal Jury Instruction § 6.20; § 7.2; *see also* T. at 1524.

"The Supreme Court of Florida has repeatedly said that 'trial counsel's failure to object to standard jury instructions that have not been invalidated by this Court does not render counsel's performance deficient.'" *Bilotti v. Florida Dep't of Corr.*, 133 F.4th 1320, 1335–36 (11th Cir. 2025) (quoting *Thompson v. State*, 759 So. 2d 650, 665 (Fla. 2000)); *Forbes v. Sec'y, Dep't of Corr.*, No. 20-60009-CIV, 2022 WL 17082912, at *14 (S.D. Fla. Nov. 18, 2022) ("counsel *cannot* be ineffective for failing to object to a standard instruction *unless* the Florida Supreme Court had invalidated that instruction *before trial*") (citing *Boone v. State*, 311 So. 3d 955, 958 (Fla. 1st DCA 2020) ("Counsel cannot be ineffective for failing to object to a standard jury instruction that has not been invalidated."); *Griffin v. State*, 866 So. 2d 1, 15 (Fla. 2003) ("[I]t

is not deficient performance when counsel fails to object to a standard instruction which has not been invalidated by this Court."). Therefore, because Johnson alleges counsel was deficient for failing to object to standard jury instructions, his claim must fail.

The state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Therefore, this Court finds Claim Two of the Petition to be without merit.

### C. Claim Three

In Claim Three, Johnson argues that trial counsel was ineffective for failing to move for a mistrial when, during the State's cross-examination, defense witness Jonathan Williams, the father of the victim, Sheneeka Williams, became hostile and testified to collateral crimes committed by Petitioner. [ECF 1-1 at 7].

The trial court considered the line of questioning to which Johnson objects and found that the defense's direct examination opened the door to the line of questioning on cross-examination, as the defense called the witness himself and asked him about prior incidents. [ECF 11-1 at 257]. As such, there is no apparent reason why a motion for mistrial would have been granted, and Johnson presents no evidence to suggest that it would have been granted. As such, the failure to move for a mistrial was not objectively unreasonable. Therefore, Johnson fails to show that counsel's failure to move for a mistrial was deficient.

The state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Therefore, the Court finds Claim Three of the Petition to be without merit.

### D. *Claim Four*

In Claim Four, Johnson alleges ineffective assistance of counsel for failing to introduce photos from one of the victims' social media accounts depicting the victim with an automatic weapon to refute Williams's testimony that Johnson owned a gun. [ECF 1-1 at 11].

Defense witness Williams made the following statements regarding the weapon during the State's cross-examination:

STATE: Did [Johnson] ever keep any belongings at the house?

WILLIAMS: No. they brought at one time – I don't know with him and Shaneeka, they brought a gun

DEFENSE: Judge, I'm going to object . . . . I reserve a motion.

COURT: All right. Hang on. Why don't you re-ask you (sic) question?

STATE: . . . . [D]id he ever keep any belongings at your house or any items?

WILLIAMS: No.

DEFENSE: First, outside the scope of direct. And I have the Judge's motion that I come pre-trial with.

COURT: Okay. Overruled. And I'll . . . give you access as soon as he's complete. Go ahead.

STATE: Did he ever – as you've mentioned, did he ever bring many items to your house that you maybe returned to him?

WILLIAMS: No. He didn't bring no – no clothing or none – none of that stuff.

STATE: Did he ever bring a firearm to your house?

WILLIAMS: I think it was his firearm.

DEFENSE: Objection. Speculation.

11

>WILLIAMS: When I noticed it was on my shelf.
>
>COURT: Sustained.
>
>STATE: Okay. Did you see who brought the firearm to your house?
>
>WILLIAMS: Well, all I noticed it was there so I assume it was David – David's firearm.
>
>STATE: Did you give it –
>
>WILLIAMS: Because he talked with me about things like that before.
>
>STATE: And what did you do with the firearm when you found it?
>
>WILLIAMS: All I know when I instructed him – him and my daughter, whoever firearm there, I wanted it moved, I wanted it out of there.
>
>STATE: Okay. . . . . Did you see who moved the firearm out of your house?
>
>WILLIAMS: No, I didn't.
>
>STATE: Okay. And what kind of firearm was it?
>
>WILLIAMS: It was like an AK-47.

T. at 1510–12.

Johnson fails to show that his counsel acted deficiently for failing to then introduce social media photos of Suave Dorsett—one of the victims—featuring an automatic weapon in response to the above testimony. In fact, by the time Williams testified, Johnson's counsel had already *tried* to have the photos introduced during LaMarcus Yee's testimony, but the court ruled they were irrelevant. T. at 1080– 81. The following day at trial, when Johnson himself asked the court why the photos could not be introduced during Suave Dorsett's testimony, the court maintained its ruling that the photographs were irrelevant and were not admissible as evidence in the trial. T. at 1296–98. In denying Johnson's claim that the

12

photographs should have been moved into evidence during Williams's testimony, the trial court's order explained that counsel was precluded from introducing the photographs and any accompanying testimony as it had already ruled the photos were irrelevant. [ECF 11-1 at 253–54]. The trial court further noted that there was no evidence that the gun in Dorsett's photos, the gun in Williams's house discussed during Williams' testimony, and the murder weapon were one and the same. *Id*. Given the trial court's rulings that the photographs were inadmissible, trial counsel was not deficient for failing to introduce them. *See Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1362 (11th Cir. 2020) (holding that counsel wasn't ineffective "in failing to try to introduce inadmissible polygraph evidence"); *Pietri v. State*, 885 So.2d 245, 252-54 (Fla. 2004) (counsel was not ineffective for failing to present evidence of intoxication because evidence was inadmissible); *Jorge v. Jones*, No. 17-22172-CIV, 2018 WL 10788538, at *43 (S.D. Fla. Oct. 22, 2018), *report and recommendation adopted*, No. 1:17-CV-22172-JLK, 2018 WL 10788536 (S.D. Fla. Dec. 19, 2018) ("Trial counsel cannot be ineffective for failing to investigate or present inadmissible evidence."); *Calder v. Dixon*, No. 23-CV-60762, 2023 WL 8719158, at *16 (S.D. Fla. Dec. 18, 2023) ("And (it goes without saying) a defense lawyer cannot be ineffective for failing to (try to) introduce inadmissible evidence").

Thus, the state court's rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles and should not be disturbed here. *See Williams*, 529 U.S. at 413. Therefore, the Court finds Claim Four of the Petition to be without merit.

For the above discussed reasons, this Court finds that each of the grounds for relief asserted in the Petition is due to be denied. This Court next considers whether to issue a certificate of appealability.

## V.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. § 2254.

After review of the record, this Court finds that Johnson is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, a petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because this Court finds that the claims raised are clearly without merit, Johnson cannot satisfy the *Slack* test and, therefore, a certificate of appealability shall not issue as to the claims asserted in the Petition.

## VI.  CONCLUSION

For the reasons set forth above, this Court finds that the Petitioner has failed to set forth an entitlement to *habeas* relief.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[2] Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development," an evidentiary hearing is not required. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

14

1. The Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED**.

2. A certificate of appealability is **DENIED**.

3. The Clerk of Court is **INSTRUCTED to CLOSE** this case.

4. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 29th day of August 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: **David Whitmore Johnson,** *Pro Se*
**M40405**
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583

**Christina L. Dominguez**
Office of the Attorney General
441 Brickell Avenue Suite 650
Miami, FL 33131
Email: christina.dominguez@myfloridalegal.com